**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAUL CORTES-PONCE,

    Defendant - Appellant.

No. 17-3028
(D.C. Nos. 5:16-CV-04031-DDC and
5:13-CR-40078-DDC-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Raul Cortes-Ponce, a federal prisoner, seeks a certificate of appealability

(COA) to challenge the denial of his 28 U.S.C. § 2255 habeas corpus Motion to

Vacate, Set Aside, or Correct Sentence.[1] We must deny him one.[2]

On June 23, 2014, in accordance with a written plea agreement, Cortes-Ponce

pleaded guilty to one count of conspiring to possess with intent to distribute 500

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Cortes-Ponce has already been granted *in forma pauperis* status for this proceeding.

[2] Cortes-Ponce is proceeding pro se, so we construe his pleadings liberally, but we do not serve as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). The presentence investigation report (PSR) found Cortes-Ponce responsible for 3.62 kilograms of methamphetamine and 200 kilograms of cocaine. Those drug quantities corresponded with a base offense level of 36. After applying a two-level enhancement for importing cocaine from Mexico under U.S.S.G. § 2D1.1(b)(4), a four-level enhancement for being an organizer or leader of criminal activity involving five or more participants under U.S.S.G. § 3B1.1(a), and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the PSR assigned a total offense level of 39. Combined with his Criminal History category of II, that offense level yielded an advisory guideline sentencing range of 292 to 365 months of imprisonment.

Cortes-Ponce initially objected to the PSR's drug quantity calculations, but then withdrew his objection after the parties agreed to jointly recommend a substantially below-guideline-range sentence of 192 months. The government filed a motion recommending that sentence, and the district court announced its intent to accept the recommendation. Later the district court sentenced Cortes-Ponce to 192 months. We enforced Cortes-Ponce's appeal waiver against his attempted direct appeal.

In March 2016, Cortes-Ponce filed a § 2255 petition in the District of Kansas. He alleged that his counsel had been ineffective in allowing the inclusion of the cocaine into his sentencing, because the cocaine-related conduct was not part of the

same course of conduct. The district court denied the petition without holding a hearing and did not issue a COA. Cortes-Ponce appealed.

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must hold an evidentiary hearing for a federal prisoner who petitions for post-conviction relief unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (quoting 28 U.S.C. § 2255(b)). Here, the relevant substantive legal test is the high bar of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced him. *Id.*

We consider only the first of those two prongs and find that Cortes-Ponce cannot satisfy it. To satisfy *Strickland*, a counsel's performance must be "outside the wide range of professionally competent assistance." *Id.* at 690. The performance must be "not merely wrong," but so unreasonable as to "bear no relationship to a possible defense strategy." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000). "Strategic choices" that rest on thorough investigation of the facts and the law "are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Cortes-Ponce's counsel initially made an objection to the drug-quantity calculations, but withdrew it when he obtained assurances that his client would likely receive 192 months in prison, a sentence 100 months shorter than the bottom of the 292-to-365-month range that Cortes-Ponce was otherwise facing. Even if we assume

3

for the sake of argument that the objection to the inclusion of the cocaine amount would have ultimately been successful if not withdrawn, making the objection would still have been a risky proposition. The government had another card to play: it could have filed a 21 U.S.C. § 851 motion, which would have landed Cortes-Ponce with a 240-month mandatory-minimum sentence. Because of the plea agreement, the government did not do so. In view of all possible sentence enhancements and all possible reductions, Cortes-Ponce's counsel made a strategic choice to plead guilty and ensure a below-guideline (and below-potential-mandatory-minimum) sentence, a choice that was objectively reasonable and not deficient.[3]

Cortes-Ponce has not made the required substantial showing for a COA. And because the record conclusively shows that Cortes-Ponce is not entitled to relief, the district court was correct in finding that an evidentiary hearing was not necessary.

## CONCLUSION

We deny Cortes-Ponce a COA and a hearing and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] In his brief, Cortes-Ponce makes a number of new arguments and allegations that he did not raise in his initial petition at the district court. Failure to raise issues in the district court "generally constitutes waiver," *Rios v. Ziglar*, 398 F.3d 1201, 1209 (10th Cir. 2005), and so we will not address them here for the first time on appeal.